## SCOTT v. ARCHER et.

Ohio Appeals, 3rd Dist., Van Wert Co.

No. 109. Decided May 24, 1928.

### First Publication of This Opinion

Syllabus by Editorial Staff.

**677. JUDGMENTS—557. Fraud.**
Final judgment will not, in equity, be set aside unless there is clear showing of fraud or undue advantage on part of prevailing party, and this fraud or undue advantage must consist or extrinsic acts outside of and collateral to matter actually tried by the first court and not related to the matter concerning which the judgment or decree was rendered.

Judgment for defendant.

Conn, Hoke & Wright and S. E. Walters, Van Wert, for Scott.

Stickle & Cessna, Roy W. Roof and Herman D. Lease, Kenton, for Archer, et.

### FULL TEXT.

(Before Judges Hughes, and Justice. Crow, J., not participating.)
HUGHES, J.

The judgment involved in this case was entered in the Court of Common Pleas of Hardin County and execution issued to the sheriff of Van Wert County, who was proceeding to sell the real estate owned by the plaintiff herein, to satisfy the judgment, when this action was brought to vacate the original judgment upon the ground that it had been procured by fraud.

When this case came on for trial, the question of the jurisdiction of the persons of the defendants was raised by a motion and by a general demurrer the validity of the cause of action pleaded, was also presented. But these questions were passed at the time and the cause heard upon its merits, and we are therefore passing these questions at this time, to dispose of the matter upon the merits.

If there is a cause of action stated in the petition, it is founded upon the claim that the judgment attacked, was procured by fraud.

It is well settled in the case of Michael v. The American National Bank, 84 OS. page 370, that a final judgment will not, in equity, be set aside unless there is a clear showing of fraud or undue advantage on the part of the prevailing party, and this fraud or undue advantage must consist of extrinsic acts outside of and collateral to the matter actually tried by the first court and not related to the matter concerning which the judgment or decree was rendered.

The evidence adduced in the trial before us consisted both of oral testimony and a transcript of the evidence taken in the Court of Common Pleas in the trial below.

We find no evidence of extrinsic acts outside of and collateral to the matter actually tried in the first case in Hardin County; nor do we find any claim of such evidence on the part of the plaintiff here. All of the evidence adduced in the trial is relevant to the matter actually tried in the Court of Common Pleas or matters and issues that should and could have been presented in that case. We may observe that much of the evidence that is adduced here, is in regard to the consideration or lack of consideration given for the notes involved in the judgment. In the Hardin County case, that defense was plead but afterwards voluntarily withdrawn by the defendant there, plaintiff here, and hence there was no evidence offered pertaining to that issue in the Hardin County case.

There being no evidence tending to prove any extrinsic acts outside of and collateral to the matter actually tried in the case before the Common Pleas Court of Hardin County, which are not related to matters concerning which the judgment or decree was rendered, the plaintiff herein must fail, and judgment entered in favor of the defendants.